**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | COMPLAINT |
| BOROUGH OF EDDYSTONE, | ) | |
| EDDYSTONE POLICE DEPARTMENT, | ) | JURY TRIAL DEMAND |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NATURE OF ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Ruth Adams who was aggrieved by those unlawful practices. As alleged with greater particularity in Paragraphs 7(a) through (e) below, the Commission alleges that Defendant terminated Ruth Adams, then age 62, from her position as Police Secretary because of her age. As a result of the discriminatory practices, Ms. Adams suffered backpay losses.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FSLA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the District Court for the Eastern District of Pennsylvania.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant Borough of Eddystone ("Defendant Borough") has been a Political Subdivision of the Commonwealth of Pennsylvania and Defendant Eddystone Police Department ("Defendant Police Department") has continuously been an Agency or Instrumentality of the Borough of Eddystone.

5.      At all relevant times, Defendant Borough and Defendant Police Department have continuously been employers within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

CONCILIATION

6.      Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

7.      Since at least August 4, 2005, Defendant Borough and Defendant Police Department have engaged in unlawful employment practices at their facility in Eddystone, Pennsylvania, in violation of § 4(a) of the ADEA, 29 U.S.C. § 623 (a) as follows:

2

(a)    Ruth Adams was born on December 5, 1943.  Mrs. Adams began working for the Defendant Borough in about 1990 as a part-time Borough Clerk.  In 1998, she became a full-time Police Secretary for the Defendant Police Department.   At all relevant times, Mrs. Adams had a good performance record.

(b)    On June 17, 2005, Defendant Borough and Defendant Police Department hired Kathy Krisac, age 45, as a part-time assistant.  Ms. Krisac had been working part-time as the Director of a summer camp.

(c)    Mayor, Ralph Orr, then age 58, and Councilwoman Melissa Reeves, then age 45, told Mrs. Adams that they had hired someone on a temporary basis in order to assist her and the Borough Clerk with the ever increasing workload during the summer.   Mrs. Adams, however, was directed to train Ms Krisac in every aspect of Mrs. Adams' own job as a Police Secretary, including in the Defendants' Microsoft Word and Excel programs.

(d)    By letter dated August 4, 2005, Defendant Borough and Defendant Police Department abruptly terminated Mrs. Adams' employment, effective on August 5, 2005.  The termination letter from the Eddystone Borough Council, stated: "We are currently restructuring and making administrative decisions to move in a different direction.  Your current position will require someone who has more computer knowledge and who is capable of more diversified duties."

(e)    Mrs. Adams was knowledgeable and proficient in her work, including in using Defendant Police Department's police computer program, as well as their Microsoft Word and Excel programs.  She had a history of good job performance.  Nonetheless, without warning of any alleged performance deficiencies, Defendant Borough and Defendant Police Department abruptly terminated Mrs. Adams' employment as a Police Secretary because of her age, then age 62. Defendant Borough

3

and Defendant Police Department retained Ms. Krisac, a newly hired individual who was seventeen

years younger than Mrs. Adams, and promoted Ms. Krisac to the Police Secretary position.

8.      The effect of the practices complained of in Paragraphs 7(a) through (e) above has

been to deprive Ruth Adams, of equal employment opportunities and otherwise adversely affect her

status as employees because of her age.

9.      The unlawful employment practices complained of in Paragraphs 7(a) through (e)

above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Defendant Borough and Defendant

Police Department, their officers, successors, assigns and all persons in active concert or

participation with them, from engaging in terminations based on age, and any other employment

practice which discriminates against individuals 40 years of age and older.

B.      Order the Defendant Borough and Defendant Police Department to institute and

carry out policies, practices and programs which provide equal employment opportunities for

individuals 40 years of age and older, and which eradicate the effects of their past and present

unlawful employment practices.

C.      Grant a judgment requiring Defendant Borough and Defendant Police Department

to pay appropriate back wages in an amount to be determined at trial, and an equal sum as

liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully

withheld as a result of the acts complained of above, including but not limited to Ruth Adams.

D.      Grant such further relief as the Court deems necessary and proper in the public

4

interest.

    E.      Award the Commission its costs in this action.


<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.


RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington DC 20507

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

MARY M. TIERNAN
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia PA 19106
Telephone: (215) 440-2828